# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OURARING INC.<br><br>*Plaintiff,*<br><br>v.<br><br>RINGCONN LLC<br><br>*Defendant.* | CASE NO. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ouraring Inc. ("Oura" or "Plaintiff"), by and through its undersigned counsel, brings this complaint for patent infringement against defendant RingConn LLC ("RingConn" or "Defendant").

## NATURE OF THE ACTION

1. Oura brings this action against RingConn for infringement of U.S. Patent Nos. 11,868,178 ("'178 patent") and 11,188,124 ("'124 patent") (collectively, "Asserted Patents") pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* by RingConn Smart Rings (Gen. 1 and Gen. 2) ("Accused Products").

## THE PARTIES

2. Ouraring Inc. is a Delaware corporation with its principal place of business at 415 Mission Street, 37th Floor, San Francisco, CA 94105.

3. On information and belief, RingConn LLC is a Delaware corporation with its principal place of business at 1226 North King St., Num. 292, Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the patent claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

5. This Court has general personal jurisdiction over RingConn because it is a Delaware corporation.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(b).

## COUNT I
### (Infringement of the '178 Patent)

7. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint, as if fully set forth herein.

8. Plaintiff owns all rights, titles, and interests in the '178 patent, titled "Wearable Computing Device." The '178 patent was duly and legally issued by the United States Patent and Trademark Office on May 24, 2023. A true and correct copy of the '178 patent is attached to this Complaint as **Exhibit A**.

9. In violation of 35 U.S.C. § 271(a), RingConn has and continues to directly, indirectly, or under the doctrine of equivalents, infringe one or more claims of the '178 patent by making, using, offering for sale, selling, or importing devices and software, including the Accused Products, that practice one or more claims of the '178 patent.

10. In violation of 35 U.S.C. § 271(b) and (c), RingConn has and continues to induce others to infringe and/or contribute to infringing the '178 patent by wearing and using the Accused Product. RingConn also offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

11. The Accused Products infringe at least claim 1 of the '178 patent. A claim chart showing how the Accused Products infringe the '178 patent is attached to this Complaint as **Exhibit B**.

12. On information and belief, RingConn has been fully aware of and has had knowledge, or should have had knowledge, of the '178 patent since at least March 13, 2024, when a co-pending U.S. International Trade Commission ("ITC") complaint was filed against RingConn asserting the '178 patent.

13. Because of RingConn's infringing activities, Plaintiff has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. RingConn's acts are or were deliberate and willful, and will continue unless enjoined by this Court.

14. Plaintiff has been damaged by RingConn's conduct, including economic and non-economic losses. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate for all the injury stemming from RingConn's conduct.

## COUNT II
**(Infringement of the '124 Patent)**

15. Plaintiff realleges and incorporates by reference the allegations of all preceding paragraphs of this Complaint, as if fully set forth herein.

16. Plaintiff owns all rights, titles, and interests in the '124 patent, titled "Wearable Computing Device." The '124 patent was duly and legally issued by the United States Patent and Trademark Office on Nov. 30, 2021. A true and correct copy of the '124 patent is attached to this Complaint as **Exhibit C**.

17. In violation of 35 U.S.C. § 271(a), RingConn has and continues to directly, indirectly, or under the doctrine of equivalents, infringe one or more claims of the '124 patent by making, using, offering for sale, selling, or importing devices and software, including the Accused Products, that practice one or more claims of the '124 patent.

18. In violation of 35 U.S.C. § 271(b) and (c), RingConn has and continues to induce others to infringe and/or contribute to infringing the '124 patent by wearing and using the Accused Products. RingConn also offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

19. The Accused Products infringe at least claim 1 of the '124 patent. A claim chart showing how the Accused Products infringe the '124 patent is attached to this Complaint as **Exhibit D**.

20. On information and belief, RingConn has been fully aware of and has had knowledge, or should have had knowledge, of the '124 patent since at least March 13, 2024, when a co-pending ITC complaint was filed against RingConn asserting the '178 patent, which is related to the '124 patent. Also, RingConn's ITC *Markman* brief identified a number of patents from the same family as the '124 patent, thus showing that RingConn knew or should have known of the '124 patent.

21. Because of RingConn's infringing activities, Plaintiff has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial. RingConn's acts are or were deliberate and willful, and will continue unless enjoined by this Court.

22. Plaintiff has been damaged by RingConn's conduct, including economic and non-economic losses. Plaintiff continues to be damaged by such conduct and has no adequate remedy at law to compensate for all the injury stemming from RingConn's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgement as follows:

a) Declaring that RingConn has infringed the Asserted Patents and that such infringement was willful;

b) Awarding damages in an amount to be proved at trial, but in no event less than a reasonable royalty for RingConn's infringement of the Asserted Patents, including pre-judgment and post-judgment interest at the maximum rate permitted by law;

c) Ordering a permanent injunction enjoining RingConn, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with RingConn from infringing the Asserted Patent;

d) Ordering an award of reasonable attorney's fees to Plaintiff as provided by 35 U.S.C. § 285;

e) Awarding enhanced damages, as provided by 35 U.S.C. § 284;

f) Awarding expenses, costs, and disbursements in this action; and

g) Awarding such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Oura demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

<table>
<tr><td>

DATED: September 10, 2024

*Of Counsel:*

Janine A. Carlan
Jasjit S. Vidwan
Taniel E. Anderson
**ARENTFOX SCHIFF LLP**
1717 K Street, NW
Washington, DC 20006-5344
Telephone: (202) 857-6000
janine.carlan@afslaw.com
jasjit.vidwan@afslaw.com
taniel.anderson@afslaw.com

</td><td>

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

Karen L. Pascale (#2903)
Robert M. Vrana (#5666)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
kpascale@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff,
Ouraring, Inc.*

</td></tr>
</table>