IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OURARING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-1020-MN |
| v. | ) | |
| | ) | |
| RINGCONN LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RINGCONN'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO STAY PENDING FINAL RESOLUTION OF ITC INVESTIGATION**

Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Ryan B. McCrum
Robert M. Breetz
JONES DAY
901 Lakeside Ave,
Cleveland, OH 44114
(216) 586-3939
rbmccrum@jonesday.com
rbreetz@jonesday.com

Dated: October 7, 2024

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. ARGUMENT ..... 3

A. The Court Must Stay the Claims Relating to the ’178 Patent Pursuant to 28 U.S.C. § 1659(a) ..... 3

B. The Court Should Order a Discretionary Stay of the Claims Relating to the ’124 Patent ..... 4

1. A Stay of the Related ’124 Patent Claims Will Simplify the Case ..... 5

2. Discovery Has Not Begun and No Trial Date Has Been Set ..... 6

3. A Stay Will Not Create Undue Prejudice or Tactical Disadvantage ..... 6

4. Denial of a Stay Would Create Hardship on RingConn and the Parties ..... 6

IV. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Apple, Inc. v. High Tech Computer Corp.*,
C.A. No. 10-167-GMS, 2011 WL 13141909 (D. Del. Dec. 22, 2011)....................................4

*Arctic Cat Inc. v. Polaris Indus. Inc.*,
C.A. No. 13-3579-JRT/FLN, 2015 WL 6757533 (D. Minn. Nov. 5, 2015).............................6

*Arris Enterprises LLC v. Sony Corp.*,
C.A. No. 17-2669-BLF, 2017 WL 3283937 (N.D. Cal. Aug. 1, 2017)...................................6

*Arris Solutions, Inc. v. Sony Interactive Entertainment LLC*,
C.A. No. 17-1098-EJD, 2017 WL 4536415 (N.D. Cal. Oct. 10, 2017)...................................7

*Fuji Photo Film Co. v. Benun*,
463 F.3d 1252 (Fed. Cir. 2006)...........................................................................................3

*Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*,
C.A. No. 12-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014) ...................................4, 5, 6

*Hertz Corp. v. The Gator Corp.*,
250 F. Supp. 2d 421 (D.N.J. 2003) ......................................................................................7

*In re Princo*,
486 F.3d 1365 (Fed. Cir. 2007)...........................................................................................4

*In re Princo Corp.*,
478 F.3d 1345 (Fed. Cir. 2007)...........................................................................................3

*InterDigital Commc'ns, LLC v. Int'l Trade Commc'n*,
707 F.3d 1295 (Fed Cir. 2013) ...........................................................................................3

*Mission Abstract Data L.L.C. v. Beasley Broadcast Group., Inc.*,
C.A. No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011) .......................................5

*Texas Instruments, Inc. v. Tessera, Inc.*,
231 F.3d 1325 (Fed. Cir. 2000)...........................................................................................3

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*,
193 F. Supp. 3d 345 (D. Del. 2016).....................................................................................5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Zenith Elecs., LLC v. Sony Corp.*,
C.A. No. 11-2439-WHA, 2011 WL 2982377 (N.D. Cal. July 22, 2011) .....4

**STATUTES**

28 U.S.C. § 1659 .....1, 3, 4, 7

§ 337 of the Tariff Act of 1930 .....4

**OTHER AUTHORITIES**

H.R. REP. NO. 103-826(I), (Oct. 3, 1994) .....4

Defendant RingConn LLC ("RingConn") hereby moves the Court for an order staying this patent infringement case in its entirety until an ongoing investigation filed by Plaintiff Ouraring Inc. ("Oura") and instituted by the United States International Trade Commission ("ITC"), No. 337-TA-1398 (the "ITC Investigation"), involving one of the same patents asserted here, has been finally resolved, including any appeals. Oura does not oppose this motion.

## I. INTRODUCTION

This litigation involves allegations of patent infringement of two related patents, U.S. Patent Nos. 11,868,178 (the "'178 Patent") and 11,188,124 (the "'124 Patent"). A stay of the '178 Patent is mandatory under 28 U.S.C. § 1659(a) because Oura also asserts infringement of the '178 before the International Trade Commission in a parallel ITC Investigation. Ex. 1, *Certain Smart Wearable Devices, Systems, and Components Thereof;* Inv. No. 337-TA-1398, Public Complaint at 1 (U.S.I.T.C. Mar. 13, 2024). The '124 patent is a grandparent to, shares much of the specification with, includes the same inventors as, and was originally assigned to the same entity as the '178 Patent. Complaint, D.I. 1 at Exs. A & C, (Sept. 10, 2024). A stay of the claims related to the '124 patent maximizes effective utilization of judicial resources, conserves the resources of the parties, and prevents placing this litigation on multiple tracks.

This Court has inherent authority and wide discretion to stay matters pending on its docket. A discretionary stay of this action until the ITC Investigation is finally resolved will serve the interests of judicial economy and efficiency. Indeed, Oura accuses the same products of infringement in both this litigation and the ITC investigation. D.I. 1 at 1, Ex. 1 at 5.

The ITC Investigation has been instituted and is currently in the expert discovery phase, with the evidentiary hearing scheduled for December 11-17, 2024. A stay of this action will avoid piecemeal and unnecessary duplicative litigation, and help to conserve the parties' and the Court's resources, and is therefore appropriate.

## II. BACKGROUND

On March 13, 2024, Oura filed a complaint for patent infringement before the ITC against RingConn, Circular SAS ("Circular"), Ultrahuman Healthcare Pvt. Ltd., Ultrahuman Healthcare SP LLC, Ultrahuman Healthcare Ltd. (collectively, "Ultrahuman") asserting infringement of the '178 Patent and two other patents. Ex. 1 at 1. In this litigation and the ITC Investigation, Oura asserts that RingConn's Smart Ring family of products infringes the '178 Patent. *Id.* at 5; Complaint, D.I. 1 at 1.

Oura and the other ITC Respondents, Circular and Ultrahuman, also had parallel district court litigations involving overlapping patents with the ITC investigation and both of those cases have had their patent claims stayed. *Ōura Health Oy v. Circular SAS*, C.A. No. 22-478 D.I. 47 (W.D. Tex. Apr. 23, 2024); *Ōura Health Oy v. Ultrahuman Healthcare Pvt., Ltd.*, C.A. No. 23-396 D.I. 37 (E.D. Tex. Aug. 2, 2024).[1]

Oura filed the complaint in this action on September 10, 2024. No response to the complaint has been filed, discovery has not begun, and no procedural schedule has been entered. On September 20, 2024, counsel for Oura indicated that it would not oppose a motion to stay in this litigation in its entirety. Accordingly, a stay of all claims in this case pending final resolution of the ITC Investigation will minimize duplicative litigation, promote judicial efficiency, and help conserve the parties' and this Courts' resources.

[1] Oura's case against Ultrahuman also includes copyright claims that were not stayed because they "are materially different from patent claims and concern different law and different requisite showings." *Ōura Health Oy v. Ultrahuman Healthcare Pvt., Ltd.*, C.A. No. 23-396 D.I 37 at 5 (E.D. Tex. Aug. 2, 2024). Circular subsequently settled their claims with Oura and that district court litigation was voluntarily dismissed. *Ōura Health Oy v. Circular SAS*, C.A. No. 22-478 D.I. 50 (W.D. Tex. June. 28, 2024).

## III. ARGUMENT

### A. The Court Must Stay the Claims Relating to the '178 Patent Pursuant to 28 U.S.C. § 1659(a)

When an alleged infringement occurs in connection with importation, a patentee may bring parallel patent infringement actions before both the district court and the ITC. *Texas Instruments, Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1330 (Fed. Cir. 2000). However, 28 U.S.C. § 1659 includes a mandatory stay provision that "places limits on the timing of parallel actions involving the Commission and a district court." *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir. 2006). Specifically, 28 U.S.C. § 1659(a) provides:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). The purpose of Section 1659 is to prevent separate proceedings in the ITC and in district court on the same issues at the same time. *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007). Thus, a stay is mandatory when parallel claims involve the same issues about the same patent(s). *InterDigital Commc'ns, LLC v. Int'l Trade Commc'n*, 707 F.3d 1295, 1310 n.3 (Fed Cir. 2013) ("A statutory amendment in 1994 renders it obligatory for a district court to stay a co-pending infringement action until the ITC proceeding is completed.").

In this case, Oura asserted the '178 Patent against RingConn in both the ITC and this case, and thus the named parties in this case are also parties to the ITC proceeding. Complaint, D.I. 1 at 1; Ex. 1 at 1.

This motion to stay is timely being filed within 30 days of Oura filing this litigation. Thus, the mandatory stay pursuant to 28 U.S.C. § 1659(a) is applicable to the claims relating to the ’178 Patent.

**B. The Court Should Order a Discretionary Stay of the Claims Relating to the ’124 Patent**

While litigation of district court claims involving the same issues as parallel ITC Investigation between the same parties must be stayed under 28 U.S.C. § 1659(a), the statute also "allows the court to use 'its discretionary authority to stay any other claim in the action before it.'" *Apple, Inc. v. High Tech Computer Corp.*, C.A. No. 10-167-GMS, 2011 WL 13141909, at *3 (D. Del. Dec. 22, 2011), *quoting* H.R. REP. NO. 103-826(I), at 141 (Oct. 3, 1994). The intent of Section 1659 is to prevent infringement proceedings from occurring "in two forums at the same time." *In re Princo*, 486 F.3d 1365, 1368 (Fed. Cir. 2007), *citing* H.R. REP. No. 103-826(I), at 141. Indeed, "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Graphic Props. Holdings, Inc. v. Toshiba Am. Info. Sys., Inc.*, C.A. No. 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014), *quoting Zenith Elecs., LLC v. Sony Corp.*, C.A. No. 11-2439-WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011); H.R. REP. NO. 103-826(I), at *7 (Oct. 3, 1994) (stating that Section 337 was being amended to "minimize duplication of proceedings between the ITC and Federal district courts").

District courts can grant discretionary stays pending ITC investigations over non-overlapping claims pursuant to their "inherent power to control its own docket." *See*, *e.g.*, *SZ DJI Technology Co., Ltd. v. Autel Robotics USA LLC*, C.A. No. 16-706-LPS, D.I. 344 at 2 (D. Del. Mar. 18, 2019). In determining whether to grant a discretionary stay, a court typically considers:

> (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage.

*Id. citing Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, 193 F. Supp. 3d 345, 348 (D. Del. 2016). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Group., Inc.*, C.A. No. 11-176-LPS, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011). Here, all four factors weigh in favor of granting a discretionary stay of the entire litigation.

**1. A Stay of the Related '124 Patent Claims Will Simplify the Case**

A stay of this action will prevent piecemeal litigation and conserve judicial resources. Because the '178 and '124 Patents "share common inventors, specification, and prosecution history," a stay will simplify the issues. *Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014). The '178 and '124 Patents are continuation applications of the same parent application and have claims directed to similar subject matter. Thus, "claim construction and invalidity issues with respect to one patent will necessarily impact those same issues with respect to the other patent." *Id.* at *2.

Moreover, Oura's allegations in both the ITC Investigation and the instant action are directed at alleged infringement with respect to the same products sold by RingConn. Complaint, D.I. 1 at 1; Ex. 1 at 1. The asserted '178 and '124 Patents generally describe and claim wearable computing devices. Complaint, D.I. 1 at Exs. A &C. Therefore, much of the infringement analysis will overlap between both patents. Thus, this factor weighs in favor of a stay.

**2. Discovery Has Not Begun and No Trial Date Has Been Set**

This case is still in its infancy and RingConn's response to the complaint is not due until October 9, 2024. Thus, the status of this litigation favors a stay because this litigation is still in its earliest stage where discovery has not even begun, a procedural schedule has not yet been entered, and no trial date has been set. *Graphic Properties Holdings*, 2014 WL 923314, at *3 (finding this factor favors a stay where "[n]o trial date has been set for this case and discovery is not yet complete").

**3. A Stay Will Not Create Undue Prejudice or Tactical Disadvantage**

Oura does not oppose this motion and thus does not assert that it will be unduly prejudiced or that RingConn will gain a tactical advantage by a stay. *See, e.g.*, *Yeti Coolers, LLC v. Contextlogic, Inc.*, C.A. No. 17-937-RP, D.I. 19 (W.D. Tex. Jan. 17, 2018) ("[T]here appears to be no prejudice to Yeti, which does not oppose the stay.") *See also., Arctic Cat Inc. v. Polaris Indus. Inc.*, C.A. No. 13-3579-JRT/FLN, 2015 WL 6757533, at *3 (D. Minn. Nov. 5, 2015) ("Arctic Cat and Polaris have jointly requested that the consolidated cases be stayed pending IPR. There is no risk of prejudice or tactical disadvantage, even with a two year delay."). Oura filed its claim of patent infringement against RingConn at the ITC in March of 2024 and then filed this case six months later. Complaint, D.I. 1 at 1, Ex. 1 at 1. Accordingly, this factor favors a stay.

**4. Denial of a Stay Would Create Hardship on RingConn and the Parties**

Finally, both RingConn and Oura are fully engaged in litigating the ITC Investigation. Courts find that "[f]orcing the parties to litigate the non-overlapping patent [that] would create additional discovery that goes beyond the mere effort of defending a lawsuit" weighs in favor of granting a stay. *Arris Enterprises LLC v. Sony Corp.*, C.A. No. 17-2669-BLF, 2017 WL 3283937, at *3 (N.D. Cal. Aug. 1, 2017) (finding hardship because there would be significant overlap in

discovery, including having to "conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping patent while the overlapping patents are stayed" because of "the similar technology and products asserted in both the ITC proceeding and the instant action").

Additionally, the need for the moving party to demonstrate hardship or inequality in the absence of a stay is obviated where, as here, Oura does not oppose a stay. *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 426 (D.N.J. 2003) (party requesting a stay must only "demonstrate a clear case of hardship or inequality if there is at least a 'possibility' that the stay would [harm the other party]"); *Arris Solutions, Inc. v. Sony Interactive Entertainment LLC*, C.A. No. 17-1098-EJD, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (where the other party does not contend that it will be harmed by a stay, "the moving party's burden in litigating" the duplicative case is "a legitimate form of hardship" and weighs in favor of a stay). Thus, this factor favors a stay.

## IV. CONCLUSION

Because 28 U.S.C. § 1659(a) requires a stay of the '178 Patent claims, and because all the stay factors weigh in favor of a discretionary stay of the claims related to the '124 Patent, RingConn respectfully requests that the Court stay this case in its entirety until a final determination has been reached in the ITC Investigation, including resolution of any appeals.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Ryan B. McCrum
Robert M. Breetz
JONES DAY
901 Lakeside Ave,
Cleveland, OH 44114
(216) 586-3939
rbmccrum@jonesday.com
rbreetz@jonesday.com

Dated: October 7, 2024